*In re: Maura Lynch*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

In re: Maura E. Lynch,

> Debtor.

---

Maura E. Lynch,

> *Debtor-Appellant*,
> v.                                                                                     19-2965

R. Kenneth Barnard,

> *Appellee.*

---

FOR DEBTOR-APPELLANT:                          Maura E. Lynch, pro se, Sag
                                                                            Harbor, NY.

**FOR APPELLEE:**                                                          Melanie A. FitzGerald, Gary F. Herbst, Lamonica Herbst & Maniscalco, LLP, Wantagh, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Maura E. Lynch, proceeding pro se, appeals the district court's dismissal of her appeal from a bankruptcy court judgment directing the sale of real property.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we recite here only to the extent necessary to explain our decision.

Following her divorce from her husband, Lynch filed for bankruptcy.  The bankruptcy court ordered the sale of real property located in Sag Harbor, New York, and Lynch, pro se, appealed to the district court.  Lynch missed her deadline to file an appellate brief by more than ten months.  The district court gave her an additional three weeks, told her it would not grant additional extensions, and warned that failure to file a brief would result in dismissal of the appeal. Lynch nonetheless requested an extension due to upcoming international travel, lack of resources, and her pro se status.  Citing her extensive litigation history, the district court denied the request and warned her again that failure to file a brief would result in dismissal.  Lynch did not file a brief and failed to respond to the district court's subsequent order to show cause why the appeal should not be dismissed.  The court then dismissed Lynch's appeal, both as a sanction for failure to follow a court order and for failure to prosecute.  Lynch appeals.

"We review a district court's dismissal of a bankruptcy appeal on procedural grounds for abuse of discretion." *In re Harris*, 464 F.3d 263, 268 (2d Cir. 2006). A district court abuses its discretion when it "applies legal standards incorrectly or relies upon clearly erroneous findings of fact, or proceed[s] on the basis of an erroneous view of the applicable law." *Id.* (citation and quotation marks omitted).

The district court is permitted to dismiss a bankruptcy appeal if the appellant fails to file a brief. *See* Fed. R. Bankr. P. 8018(a)(4) ("[I]f an appellant fails to file a brief on time . . . the district court . . . after notice, may dismiss the appeal on its own motion."). But before doing so, a district court should "consider whether a lesser sanction would be appropriate," as well as whether the litigant's "behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *In re Harris*, 464 F.3d at 272. The court should also "provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." *Id.* (citation omitted).

We find no abuse of discretion in the district court's dismissal of Lynch's appeal. The district court gave Lynch notice of her new August 6, 2019 deadline three weeks before its expiration, made clear that it would not extend the deadline, warned that it would dismiss the appeal if she failed to meet the deadline, and warned her again (in response to a subsequent extension request) that failure to file a brief by the new deadline would have drastic consequences. Even after Lynch failed to meet the deadline, the court afforded her another opportunity to avoid dismissal, ordering her to show cause by August 8 why it should not dismiss the appeal. When Lynch failed to respond to that order, the court found her failures to comply to be "willful[]" and

3

dismissed her appeal "as a sanction for [her] failures to comply with [c]ourt orders[]" and in addition "for failure to prosecute" because her appellate brief had originally been due eleven months earlier. ROA, Aug. 8, 2019, Order. Citing its numerous prior warnings, the court also concluded that "lesser sanctions would be ineffective[.]" *Id.*

Relying on this Court's Local Rule 31.2(a)(3), Lynch argues that the district court erred because her briefing deadline was tolled by Barnard's motion to dismiss her appeal. But this Court's Local Rules do not apply to other courts. *See* 2d Cir. Local R. 1.1. Appeals to district courts from bankruptcy courts are governed by the Federal Rules of Bankruptcy Procedure, which give district courts discretion to dismiss appeals for failure to file a brief. *See* Fed. R. Bank. P. 8018(a)(4); *see also In re Harris*, 464 F.3d at 272. Lynch has not cited any applicable procedural rule that would have tolled the time for her to file her brief, and she did not argue in the district court that the time for her to file her brief should have been tolled while the trustee's motion was pending.

Lynch also argues that the district court failed to consider that she was unable to file a brief because her home—the Sag Harbor property—had been sold. This argument is belied by her lengthy letter—12 pages single-spaced, with citations to legal authorities—addressing Barnard's motion to dismiss and requesting an extension the day following the sale. Her argument that the court did not appropriately consider her pro se status is also unavailing. The district court was permitted to give Lynch less deference than most pro se litigants because of her extensive litigation history. *Cf. Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (explaining that "the degree of solicitude" due to pro se litigants "may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting").

4

Given Lynch's extensive litigation history, history of dilatory tactics, and failure to file briefs despite being given ample opportunity, we cannot say that the district court abused its discretion by dismissing Lynch's appeal for her failure to prosecute. We have considered Lynch's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5